BETTY B. FLETCHER,
concurring.
Ms. Ramirez is the mother of four United States citizen children, and is married to a lawful permanent resident. She has been in the United States for over twenty years, and has a clean criminal record. Her parents and siblings all reside in the United States. She has pursued lawful residence diligently and with reasonable reliance on the continued availability of relief. Yet, her attempts to seek lawful residence will likely result in her deportation. Though I concur in the disposition, it is only because I am bound by our precedent in Duran Gonzales v. Dep’t of Homeland Sec., 508 F.3d 1227, 1231 (9th Cir.2007) and Morales-Izquierdo v. Dep’t of Homeland Sec., 600 F.3d 1076 (9th Cir.2010). And yet, I cannot ignore that, as applied to this case, the law is profoundly and fundamentally unjust.
At the time Ms. Ramirez filed for adjustment of status, Ninth Circuit law permitted an alien who had reentered the United States after having been deported to file a Form 1-212 simultaneously with her application for adjustment of status. Perez-Gonzalez v. Ashcroft, 379 F.3d 783, 788-89 (9th Cir.2004). In addition to permitting the alien to reapply for admission, under Perez-Gonzalez, a successful 1-212 application would “cure[ ] any inadmissibility grounds premised on [the alien’s] prior deportation or subsequent reentry.” 379 F.3d 783. Our decision in Duran Gonzales, 508 F.3d at 1232, explicitly overruled Perez-Gonzalez, a mere thirty-one days before Ms. Ramirez was scheduled to be interviewed in connection with her adjustment of status application. Had CIS scheduled Ms. Ramirez’s interview in connection with her adjustment of status application just a few months earlier, or had Duran Gonzales been issued just a few months later, Ms. Ramirez would likely now be a lawful permanent resident. That this case turns on such accidents of timing is unfair to Ms. Ramirez and to her family. Nevertheless, I must regretfully concur.